

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA § | |
| § | |
| VS. § | CASE NO. 1:05-CR-119 |
| § | |
| QUINCY JAMES ALPOUGH § | |

### FINDINGS OF FACT AND RECOMMENDATION ON PLEA OF TRUE BEFORE THE UNITED STATES MAGISTRATE JUDGE

Pursuant to 28 U.S.C. § 636(b) and the Local Rules for the District Court, Eastern District of Texas, the District Court referred this matter for hearing and the submission of findings of fact and a report and recommendation pursuant to 18 U.S.C. §§ 3401(i) and 3583(e). The United States alleges that the defendant, Quincy James Alpough, violated conditions of supervised release imposed by United States District Judge Marcia A. Crone. The United States Probation Office filed its *First Amended Petition for Warrant or Summons for Offender Under Supervision* (doc. #41) requesting the revocation of the defendant's supervised release. The Court conducted a hearing on July 3, 2014, in accordance with Federal Rules of Criminal Procedure 11, 32 and 32.1. The defendant was present and represented by counsel at the hearing. Having heard the evidence, this court factually finds that the defendant has violated conditions of supervision and recommends that

such violation warrants the revocation of his supervised release.

After conducting the proceeding in the form and manner prescribed by Federal Rule of Criminal Procedure11, the Court finds:

a. That the defendant, after consultation with counsel of record, has knowingly, freely and voluntarily consented to the administration of the plea of true in this cause by a United States Magistrate Judge subject to a final approval and imposition of sentence by the District Court.

b. That the defendant is fully competent and capable of entering an informed plea, that the defendant is aware of the nature of the charges and the consequences of the plea, that his plea of true is a knowing and voluntary plea, not the result of force or threats, and that the plea is supported by an independent evidentiary basis in fact establishing each of the essential elements of the conduct.

## STATEMENT OF REASONS

### A. Procedural History

On February 22, 2006, the Honorable Marcia A. Crone, United States District Judge for the Eastern District of Texas, sentenced the defendant after he pled guilty to the offense of Felon in Possession of a Firearm, a Class C felony. The Court sentenced the defendant to 71 months imprisonment followed with 3 years supervised release subject to the standard conditions of release, plus special conditions to include financial disclosure; drug testing; drug aftercare; and a $100 special assessment. On May 25, 2011, Quincy James Alpough completed his period of imprisonment and began service of the supervision term. On October 29, 2012, the Court modified Mr. Alpough's conditions of supervision to include no contact with his girlfriend without the permission of the Probation Office. *See Order* (doc. #38).

**B. Allegations in Petition**

The United States Probation Office alleges that the defendant violated the following mandatory condition of supervised release:

*The defendant shall not commit another federal, state or local crime.*

Specifically, on July 20, 2013, assault with bodily injury charges were filed against Mr. Alpough with the Harris County, Texas, Sheriff's Office. A warrant was issued on October 2, 2013. The assault occurred at the Nox Night Club in Houston, Texas, as a result of a vehicle backing into another vehicle.

**C. Evidence presented at Hearing:**

At the hearing, the Government proffered the following evidence as its factual basis for the allegations set out *supra*. The Government offered a copy of the judgment of conviction entered against Mr. Alpough in the County Criminal Court of Law No. 15 in Harris County on January 27, 2014. That judgment shows that Mr. Alpough pled guilty and was convicted of the Class A misdemeanor offense of assault with bodily injury. He was sentenced to 160 days in the Harris County Jail, with credit for 93 days.

Defendant, Quincy James Alpough, offered a plea of true to the allegations. Specifically, he agreed with the evidence summarized above and pled true to the allegation that he committed a new state crime in violation of his supervision conditions.

**D. Sentencing Guidelines; Findings and Recommended Disposition**

The allegations, supporting evidence and plea of true warrant revocation of supervised release. *See* 18 U.S.C. § 3583(e)(3). The Court factually finds by a preponderance of the evidence that the defendant violated a mandatory condition of his supervised release by being convicted on

the state misdemeanor crime of assault. This conduct constitutes a Grade C violation under U.S.S.G. § 7B1.3(a)(1). Upon finding a Grade C violation, the Court may revoke the defendant's supervised release. *See* U.S.S.G. § 7B1.3(a)(2).

Based upon the Defendant's criminal history category of IV and the Grade C violation, the sentencing guidelines suggest a sentence of imprisonment for a period ranging from 6 to 12 months. *See* U.S.S.G. § 7B1.4(a). Because the original offense of conviction was a Class C felony, the statutory maximum imprisonment term upon revocation is two (2) years. *See* 18 U.S.C. § 3583(e)(3).

If the Court revokes a defendant's term of supervision and orders the defendant to serve a term of imprisonment for that revocation, the Court may also require that the defendant be placed on a new term of supervised release. *See* 18 U.S.C. § 3583(h). The length of this term of supervised release shall not exceed the term of supervised release authorized by statute for the offense which resulted in the original term of supervised release, less any term of imprisonment that was imposed upon revocation of supervised release. *Id.* In this case, the authorized term of supervised release by statute is up to three years. *See* 18 U.S.C. § 3583(h); *see also* U.S.S.G. § 7B1.3(g)(2).

The Fifth Circuit states that Chapter 7 of the Sentencing Guidelines regarding the revocation of supervised release is advisory only. *See United States v. Cade*, 279 F.3d 265, 271 n.2 (5th Cir. 2002) (citing *United States* v. *Montez*, 952 F.2d 854, 859 (5th Cir. 1992); *United States v. Headrick*, 963 F.2d 777, 782 (5th Cir. 1992)). Because Chapter 7 was promulgated as an advisory policy statement and there are no applicable guidelines for sentencing after revocation of supervised

release[1], the Court may impose a greater or lesser sentence upon revocation. *United States v. Gonzalez*, 250 F.3d 923, 925 (5th Cir. 2001). Further, a sentence imposed for revocation will be upheld unless it is in violation of the law or plainly unreasonable. *Id. See also United States v. Pena*, 125 F.3d 285, 288 (5th Cir. 1997) (citations omitted).

Here, the evidence and the defendant's own admission supports a finding that the defendant violated his supervision conditions. Mr. Alpough pled true, agreed with the Court's recommended sentence for that violation, and waived his right to allocute before the District Court. *See Consent to Revocation of Supervised Release and Waiver of Right to Be Present and Speak at Sentencing* (doc. #51).

Accordingly, based upon the defendant's plea of true, the agreement of the parties, and the evidence presented in this case, it is the recommendation of the undersigned United States Magistrate Judge that the District Court accept the plea of true and revoke Defendant's supervised release. The undersigned magistrate judge recommends that the District Court order Defendant to serve a term of **eighteen (18) months** imprisonment, to include credit for any time spent in custody on the federal detainer for the revocation petition. The Court recognizes that this is an upward departure above the recommended range for a Grade C violation. As noted on the record at the revocation hearing, the defendant faced being revoked for Grade A violations based on other new state crimes alleged in the petition to revoke. Mr. Alpough could have received up to 24 months imprisonment under the statutory maximum and the Guideline range for a Grade A violation. In lieu of pleading true to the Grade A allegation, Mr. Alpough agreed to a plea to the Grade C violation in exchange for an

---

[1] *See U.S. Sentencing Guidelines Manual*, Ch. 7, pt. A, cmt. 1 ("At this time, the Commission has chosen to promulgate policy statements only.")

imprisonment term above the recommended range, but less than suggested for a Grade A violation. The Court concludes that the circumstances of the case and the evidence presented support a sentence above that suggested by the Guidelines. The Court most notably reaches this determination based on the parties' agreement regarding an upward departure.

The Court further recommends that, upon his release from prison, the defendant be sentenced to a new term of **supervised release of one (1) year**. The new term of supervision should be subject to the following conditions:

"Within 72 hours of release from the custody of the Bureau of Prisons, the defendant shall report in person to the probation office in the district to which the defendant is released.

While on supervised release, the defendant shall not commit another federal, state, or local crime, and shall comply with the standard conditions that have been adopted by the Court."

The Court finds the special conditions originally imposed by the District Court are still relevant as discussed in the record and documents related to the judgment entered against the defendant, including the sealed statement of reasons. Those special conditions are reimposed as follows:

"The defendant shall be required to submit to a drug test within 15 days of release on supervised release, and at least two periodic drug tests thereafter, as directed by the probation officer.

The defendant shall participate in a program of testing and treatment for drug abuse, under the guidance and direction of the U.S. Probation Office, until such time as the defendant is released from the program by the probation officer."

The Court further finds that additional special conditions as recommended by the United States Probation Office and agreed to by the defendant in this cause are necessary. This includes

additional financial monitoring and residing in halfway house for 180 days in a prerelease/confinement component. This is imposed in light of the additional criminal activity Alpough has committed since he was originally sentenced and because of the domestic problems he has had. Accordingly, the undersigned recommends that the defendant shall comply with the additional special condition(s) as follows:

"The defendant shall pay any financial penalty that is imposed by this judgment, and that remains unpaid at the commencement of the term of supervised release.

The defendant shall provide the probation officer with access to any requested financial information for purposes of monitoring employment.

The defendant shall not incur new credit charges or open additional lines of credit without the approval of the probation officer unless payment of any financial obligation ordered by the Court has been paid in full.

The defendant shall not participate in any form of gambling unless payment of any financial obligation ordered by the Court has been paid in full.

The defendant shall reside in a residential reentry center or similar facility, in a prerelease component for a period of 180 days to commence upon release from confinement and shall observe the rules of that facility.

The defendant shall not illegally possess a controlled substance, and shall refrain from any unlawful use of a controlled substance."

## OBJECTIONS

Objections must be: (1) specific, (2) in writing, and (3) served and filed within fourteen (14) days after being served with a copy of this report. *See* 28 U.S.C. § 636(b)(1). A party's failure to

object bars that party from: (1) entitlement to *de novo* review by a district judge of proposed findings and recommendations, *see Rodriguez v. Bowen*, 857 F.2d 275, 276-77 (5th Cir. 1988), and (2) appellate review, except on grounds of plain error of unobjected-to factual findings and legal conclusions accepted by the district court, *see Douglass v. United Servs. Auto. Ass'n.*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc). The constitutional safeguards afforded by Congress and the courts require that, when a party takes advantage of his right to object to a magistrate's findings or recommendation, a district judge must exercise its nondelegable authority by considering the actual evidence and not merely by reviewing and blindly adopting the magistrate judge's report and recommendation. *See Hernandez v. Estelle,* 711 F.2d 619, 620 (5th Cir. 1983); *United States v. Elsoffer*, 644 F.2d 357, 359 (5th Cir. 1981) (per curiam).

**SIGNED this the 14th day of July, 2014.**

KEITH F. GIBLIN
UNITED STATES MAGISTRATE JUDGE